Irvin SMITH v. STATE. (No. 12285.)

Court of Criminal Appeals of Texas. Nov. 21, 1928.

Maberry & Maberry, of Gilmer, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J. Conviction is for selling intoxicating liquor; punishment being one year in the penitentiary.

The record is before us without statement of facts or bills of exception. In such condition, no question is presented for review.

The judgment is affirmed.

A. J. TUCK v. STATE. (No. 11971.)

Court of Criminal Appeals of Texas. Nov. 14, 1928.

Rehearing Denied Dec. 19, 1928.

Murchison & Davis, of Haskell, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for driving an automobile on a public highway while intoxicated; punishment, a fine of $100 and 30 days in the county jail.

The record is here without any statement of facts or bills of exception. The charge of the court, the indictment, etc., seem regular.

No error appearing, the judgment will be affirmed.

Richard VISER v. STATE. (No. 12251.)

Court of Criminal Appeals of Texas. Nov. 21, 1928.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. The offense is the possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for a period of three years. Neither statement of facts nor bills of exceptions are found in the record.

The jury assessed against the appellant a penalty of confinement in the penitentiary for a period of three years. In preparing the judgment, the court took no note of the In-determinate Sentence Law (Laws 1913, c. 132, as amended by Laws Ex. Sess. 1913, c. 5), by the terms of which the judgment should have been so drawn as to condemn the appellant to confinement in the penitentiary for a period of not less than one nor more than three years.

The judgment will be reformed to accord with the provisions of the Indeterminate Sentence Law, as above mentioned, and, as so reformed, will be affirmed.

Richard VISER v. STATE. (No. 12249.)

Court of Criminal Appeals of Texas. Nov. 21, 1928.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, two years.

Bills of exception and a statement of facts being absent from the record, no legal question is presented for review. We observe, however, that appellant was sentenced for the offense of unlawfully transporting intoxicating liquors. Both the verdict and judgment of conviction show that he was found guilty of possessing intoxicating liquor for the purpose of sale, which was in response to the second count in the indictment. The sentence is accordingly reformed, to show his guilt of the offense set out in the verdict and judgment, as aforesaid, and, as reformed, will be affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

Seab WILLIAMS v. STATE. (No. 12302.)

Court of Criminal Appeals of Texas. Dec. 12, 1928.

Futch & Cooper, of Henderson, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

LATTIMORE, J. Conviction for murder; punishment, two years in the penitentiary.

We find in this record an affidavit made by appellant, asking that this appeal be dismissed. The request is granted, and the appeal is dismissed.